IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-AP-01758-WDM

LEONARD J. KROLL,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Miller, J.

This case is before me on two matters: (1) Claimant Leonard J. Kroll's (Leonard) appeal of a final administrative decision by defendant Jo Anne B. Barnhart (the Commissioner) finding that his ex-wife, Susan Kroll (Susan), is an appropriate representative payee for their son Mark Kroll's (Mark) monthly child's benefits; and (2) the Commissioner's motion for severance and partial dismissal. For the reasons that follow, the Commissioner's decision will be affirmed, and her motion will be denied as moot.

### Background

Leonard receives monthly disability benefits from the Social Security Administration because of his depression. His son Mark[1] also receives monthly child's benefits based on Leonard's disability. Originally, Leonard was appointed as the representative payee[2] for

---

[1] Mark is about twelve years old, and is the only child Leonard and his ex-wife Susan had together.

[2] Usually, when a minor is entitled to benefits, the Social Security Administration will appoint an adult to manage the funds for them. C.F.R. § 404.2010(b). The

Mark's benefits, but in October 2002, the Social Security Administration removed Leonard and named Susan as Mark's representative payee. Leonard appealed this change, and following a hearing in March 2004, an administrative law judge (ALJ) found that Susan would best serve Mark's interests as representative payee. In May 2004, the Social Security Appeals Council denied Leonard's request for review of the ALJ's decision, making that decision the Commissioner's final decision.

## Standard of Review

I review the Commissioner's decision to determine whether her factual findings are supported by substantial evidence in the record as a whole and whether she applied the correct legal standards. *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The commissioner must apply the correct legal standard, and must provide the court with a sufficient basis to determine that appropriate legal principles were followed. *Nielson v. Sullivan*, 992 F.2d 1118, 1119-1120 (10th Cir. 1993).

## Discussion

1.  Motion to Sever and Partially Dismiss

Before proceeding to the merits of Leonard's appeal, I will first address the Commissioner's motion to sever and partially dismiss. Leonard is proceeding pro se, and his Complaint is less than a model of clarity. The Commissioner interprets Leonard's

---

representative payee is obligated to use the money only for the child's benefit. § 404.2035.

Complaint as potentially asserting multiple claims, and for each one, summarily argues for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).

While Leonard's Complaint certainly mentions several issues that were not before the ALJ, I interpret his Complaint as stating only one claim — an appeal of the Commissioner's representative payee decision. Leonard's comments at oral argument certainly support this conclusion. Accordingly, the Commissioner's motion will be denied as moot.

2. Leonard's Appeal

In selecting a representative payee for a minor, the primary consideration is always who will best serve the interests of the child. C.F.R. § 404.2020. In making this determination, the Commissioner is to consider:

> (a) The relationship of the person to the beneficiary;
> (b) The amount of interest that the person shows in the beneficiary;
> (c) Any legal authority the person, agency, organization or institution has to act on behalf of the beneficiary;
> (d) Whether the potential payee has custody of the beneficiary; and
> (e) Whether the potential payee is in a position to know of and look after the needs of the beneficiary.

*Id.* In addition, the Commissioner has established a general order of preferences, which lists a natural parent with custody as the first option. However, this order of preferences is flexible and is merely a guide to help determine the best interests of the child. C.F.R. § 404.2021.

a. The ALJ's Decision

The ALJ first determined that since Susan has primary residential custody of Mark and is his natural mother, she is the first option under the order of preference guidelines.

But because Leonard has made several allegations against Susan suggesting that she is not an appropriate representative payee, the ALJ next proceeded to evaluate Leonard's allegations. Leonard claims, among other things, that (1) Susan and her live-in boyfriend Dale Owen (Owen) have drug problems, (2) Owen is a menace to society with a lengthy criminal record including many DUI's, some recent, and (3) Mark's benefit payments would be used by Susan and Owen for drugs, alcohol, and high-priced attorneys. Leonard also suggested that if the ALJ decided that he was not a fit representative payee, that his brother, who has an MBA from Kent State University should be appointed.

In analyzing these allegations, the ALJ credited Leonard's claims regarding Owen's criminal history, which is extensive and shows several DUI's. (*See* R. at 76-91) But, while acknowledging the serious nature of Leonard's other claims, the ALJ found them unsupported by credible evidence. Rather, the ALJ found that the evidence appeared to merely show that in the past, Leonard has repeatedly made various allegations against Susan and Owen to various authorities. The evidence did not necessarily indicate the truth of these allegations. Although the ALJ left the record open for ten days for Leonard to supplement the record with additional evidence, Leonard did not file anything further.[3]

As a result, the ALJ determined that the trustworthiness of Leonard's allegations mainly rested on his credibility, and ultimately found Leonard was not credible. In support of this conclusion, the ALJ cited evidence that Leonard had previously stated on a Social Security form that Mark lived with him — even though the evidence in the record

---

[3] At oral argument, Leonard claimed that supplementing the record with additional evidence supporting his allegations "wouldn't have done any good." I find nothing in the record to support such a statement, and would suggest that in general, in nearly any legal proceeding, evidence (or lack thereof) makes a difference.

demonstrates that Mark has always resided primarily with Susan since the divorce. In addition, the ALJ noted that Leonard admitted in the March 2004 hearing that he had not yet filed a motion to modify custody, even though his October 2002 filing with the Social Security Administration stated that it was "forthcoming." Finally, the ALJ cited to evidence that Leonard has taken Mark away with him in the past when he was not supposed to, thus violating court orders concerning parenting time.

In sum, the ALJ declined to deviate from the Commissioner's preferred order of preference and remove Susan from her position as representative payee because he found Leonard was not credible, and because he found little objective evidence against Susan.

b. <u>Leonard's Arguments</u>

In his appeal, Leonard does not argue that the ALJ applied the wrong legal standard, but rather argues that he reached the wrong result. In such a situation, my authority is very limited. *See Casias v. Sec'y of Health & Human* Servs., 933 F.2d 799, 800 (10th Cir. 1991) ("In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency."). As to issues of fact and credibility, the ALJ is entitled to significant deference, and his determinations will be affirmed unless they are unsupported by substantial evidence. *See Castellano*, 26 F.3d at 1028; *Hamilton* v. *Sec'y of Health & Human* Servs., 961 F.2d 1495, 1499 (10th Cir. 1992) ("Credibility is the province of the ALJ.").

After reviewing the record in this case, I conclude that the ALJ's decision is supported by substantial evidence. I agree that, with the exception of evidence of Owen's

criminal record, there is little evidence supporting Leonard's allegations.  In addition, the ALJ's reasons for doubting Leonard's credibility are reasonable.  Leonard has either lied or made misleading statements on filings with the Social Security Administration before, and he appears to admit that he has violated court orders in the past by taking Mark without permission.  Therefore, the ALJ's determination will be affirmed.

Accordingly, it is ordered:

1. Defendant's motion to sever and partially dismiss, filed November 22, 2005 (Docket No. 15), is denied as moot.

2. The Commissioner's administrative decision, finding Susan Kroll an appropriate representative payee for Mark Kroll, is affirmed.

DATED at Denver, Colorado, on September 25, 2006.

BY THE COURT:


s/ Walker D. Miller
United States District Judge